PETITION OF JAMES ROGER RANDALL.
No. 11060.
Decided December 28, 1965.
409 P.2d 438.

James Roger Randall, pro se.

PER CURIAM:

Original proceeding.

Petition for writ of habeas corpus filed by James Roger Randall, appearing pro se, an inmate of the Montana State Prison.

518

Petitioner alleges that he is confined in the State Prison by virtue of a ten-year sentence imposed in Powell County District Court on October 25, 1960, following his conviction by a jury of the crime of kidnapping with intent to secretly confine; and that in such proceeding he was charged with a prior conviction of a felony.

Petitioner contends that the prior conviction of forgery with which he was charged was not available as a prior conviction since he was serving such sentence at the time of the filing of the information; that the crime of forgery would not be fully adjudicated until the sentence was fully served; and that thereby it constituted double jeopardy.

We do not subscribe to petitioner's views in this respect as they are without merit.

He further contends that the information was defective, such arguments being based upon the aforesaid contention and this likewise is without merit.

He further charges that the district judge, after having been disqualified by defense counsel, engaged in the questioning and selection of prospective jurors. The records in the office of the Clerk of the District Court of Powell County, Montana, disclose that the affidavit of disqualification was filed on August 31, 1959; on September 3, 1959, Judge Philip C. Duncan of the Fifth Judicial District accepted jurisdiction and set the trial for September 14, 1959, and on that date the case came on for trial and the jury was selected before Judge Duncan. This contention appears to be without merit.

Petitioner's last contention has to do with the court permitting a witness to testify whose name had not been endorsed on the information. This is a matter within the sound discretion of the trial judge and the petition fails to show in any manner wherein the court abused its discretion.

No merit appearing the writ is denied and the proceeding dismissed.